THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:19-cv-23256

YEZMIN DIAZ,

    Plaintiff,

vs.

JPMORGAN CHASE BANK, N.A.,

    Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff, YEZMIN DIAZ ("Ms. Diaz" or "Plaintiff"), by and through undersigned counsel, on behalf of herself and all similarly situated employees hereby sues Defendant, JPMORGAN CHASE BANK, N.A., Inc. ("Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) ("the FLSA").

2. At all times material hereto, Plaintiff performed non-exempt duties as a mortgage loan officer on behalf of the Defendant in Miami-Dade County, Florida, within the jurisdiction and venue of this Court.

3. Plaintiff is seeking damages in excess of $15,000.00, exclusive of attorneys' fees and costs.

## FLSA COVERAGE

4. During the material time period (August 2016 through August 2019), Plaintiff from 2016 through May 16, 2019.

5. Plaintiff worked for the Defendant in a non-exempt capacity as a mortgage loan officer until her separation on May 16, 2019.

6. Based upon the information preliminarily available, and subject to discovery in this cause, Defendant did not compensate Plaintiff and all similarly situated employees for all overtime hours worked in a work week.

7. Defendant directly or indirectly acted in the interest of an employer towards Plaintiff and all similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiff and all similarly situated employees.

8. At all times material hereto, Defendant managed, owned and/or operated a business for profit in Miami-Dade County, Florida, and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such business.  By virtue of such control and authority, Defendant was an employer of Plaintiff as such term is defined by the Act.  29 U.S.C. §201 *et seq*.

9. At all material times during previous last three years, Defendant has had annual gross revenues of not less than $500,000.00.

10. At all material times during the last three years, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of §§ 3(r) and 3(s)(1) of the Act, in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees are in the possession and custody of the Defendant.

12. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees are in the possession and custody of the Defendant.

13. Pursuant to 29 U.S.C. §216(b), Plaintiff and similarly situated employees are entitled to recovery of reasonable attorneys' fees and costs.

14. At all times pertinent to this complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201–209 in that Plaintiff performed services and labor for Defendant for which Defendant made no provision to pay Plaintiff compensation to which Plaintiff was lawfully entitled for the period of time each day Plaintiff performed labor on behalf of Defendant.

15. The additional persons who may become Plaintiffs in this action are Defendant's non-exempt mortgage loan officers who have worked in excess of Forty (40) hours during one or more work weeks on or after August 2016, and did not receive time and one-half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

16. Defendant's actions involve a company-wide unlawful pay policy with the uniform result that Plaintiff and all similarly situated employees are denied their proper compensation.

17. Defendant knowingly violated the law by engaging in a uniform practice where it failed to pay its employees for all overtime hours worked.

18. Plaintiff has retained the law firm of Jonathan S. Minick, P.A. to represent him and has incurred attorneys' fees and costs in bringing this action.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

19. Plaintiff Good re-alleges and incorporates herein by reference, all allegations contained in Paragraphs 1 through 18 above.

20. Plaintiff and similarly situated employees are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of Forty (40) hours per work week.

21. Plaintiff was employed by Defendant during the material time period from August 2016 through May 16, 2019.

22. Subject to discovery in this matter, while employed by the Defendant, Plaintiff worked an average of five (5) days per week, and worked approximately fifty-five (55) to sixty (6) hours each week.

23. Specifically, while Defendant paid Plaintiff and similarly situated employees for some of the overtime hours worked, Defendant required Plaintiff and similarly situated employees to work off-the-clock hours.  Despite its knowledge that Plaintiff and similarly situated employees worked additional off-the-clock hours each night and on the weekends, Defendant failed to pay Plaintiff and similarly situated employees at all for these additional hours.

24. At the time of her termination, Defendant paid Plaintiff an hourly wage of $12.00 for all non-overtime hours worked, however, Plaintiff was not compensated at an overtime rate by Defendant for all of the hours she worked in excess of forty (40) per week.

25. Defendant knowingly and willfully failed to pay Plaintiff and similarly situated employees at time and one half of their regular rate of pay for all hours worked in excess of forty (40) hours per week.

26. The failure of Defendant to compensate Plaintiff and similarly situated employees at their given rate of pay for all hours worked is in violation of the FLSA.

27. Defendant, therefore, is liable to Plaintiff and similarly situated employees in the amount of their unpaid hours and overtime compensation.

28. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff and similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

29. As a result of Defendant's willful violations of the Act, Plaintiff and similarly situated employees are entitled to liquidated damages.

WHEREFORE, Plaintiff, and those similarly situated, demand judgment against the Defendant for the payment of compensation for all overtime hours at one and one-half their regular rate of pay for the hours worked for which Plaintiff has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief including prejudgment interest.

### DEMAND FOR JURY TRIAL

30. Plaintiffs demand trial by jury as to all issues so triable.

Dated: August 5, 2019                                  Respectfully submitted,

                                                       s/Jonathan S. Minick
                                                       Jonathan S. Minick, Esq.
                                                       FBN:  88743
                                                       E-mail:  jminick@jsmlawpa.com
                                                       Jonathan S. Minick, P.A.
                                                       169 E. Flagler St., Suite 1600
                                                       Miami, Florida 33131
                                                       Phone: (786) 441-8909
                                                       Facsimile: (786) 523-0610
                                                       Counsel for Plaintiff